IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02820-BNB

IVAN STAMPS,

    Plaintiff,

v.

BILL RITTER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 19 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Ivan Stamps is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Stamps has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He asserts a number of claims alleging that his rights will be violated because he will be forced to serve a period of mandatory parole at the conclusion of his prison sentence. As relief he seeks a declaration that the Colorado mandatory parole statute is unconstitutional and an injunction to prevent future custody following his release from his prison sentence.

The Court must construe the complaint liberally because Mr. Stamps is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. **See *id.***

The relevant sentencing statute is Colo. Rev. Stat. § 18-1.3-401. Pursuant to Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A), any person convicted of a felony committed on or after July 1, 1993, is subject to a period of mandatory parole. "Such mandatory period of parole may not be waived by the offender or waived or suspended by the court." Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(B).

Mr. Stamps alleges he is serving a sentence of twelve years in prison pursuant to his conviction in El Paso County District Court case number 2003CR4870. He asserts in the complaint that the sentencing court did not include a period of mandatory parole as part of his sentence and that the statutorily required period of mandatory parole has not yet been imposed. Mr. Stamps does acknowledge in a document titled "Judicial Notice" (Doc. #14) filed on February 5, 2010, that the mittimus issued by the sentencing court in his criminal case includes a period of mandatory parole. It is this period of mandatory parole Mr. Stamps contends he will be forced to serve when he completes his prison sentence.

As noted above, Mr. Stamps asserts his claims pursuant to 42 U.S.C. § 1983. However, the Court finds that Mr. Stamps' claims challenging the mandatory parole portion of his sentence must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because those claims challenge the validity of his sentence. **See *Preiser v. Rodriguez***, 411 U.S. 475, 504 (1973). The Court notes that Senior Judge Zita Leeson Weinshienk reached the same conclusion in a prior action in

which Mr. Stamps filed a civil rights complaint challenging the mandatory parole portion of his sentence. ***See Stamps v. Colorado***, No. 04-cv-02072-ZLW (D. Colo. Dec. 3, 2004), ***appeal dismissed***, 144 F. App'x 746 (10th Cir. 2005). In 04-cv-02072, Senior Judge Weinshienk construed Mr. Stamps' complaint as an application for a writ of habeas corpus because he was challenging the validity of the mandatory parole portion of his sentence and dismissed the action for failure to exhaust state remedies.

Although Mr. Stamps' claims challenging the mandatory parole portion of his sentence must be raised in a habeas corpus action pursuant to § 2254, the Court lacks jurisdiction to consider those claims. More specifically, the Court lacks jurisdiction because, in addition to 04-cv-02072-ZLW, Mr. Stamps has filed another habeas corpus action pursuant to § 2254 in which he challenged the validity of his state court conviction and sentence in El Paso County District Court case number 2003CR4870. ***See Stamps v. Leyba***, No. 09-cv-00074-ZLW (D. Colo. May 20, 2009). Senior Judge Weinshienk dismissed 09-cv-00074-ZLW as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant action, in which Mr. Stamps again is asserting claims challenging the validity of his sentence in El Paso County District Court case number 2003CR4870 that must be asserted pursuant to § 2254, is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Stamps must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. ***See In re Cline***, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits

of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Stamps does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

The claims Mr. Stamps is raising in this action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).

4

Furthermore, given that 09-cv-00074-ZLW was dismissed as barred by the one-year limitation period in § 2244(d), it appears that the claims Mr. Stamps is raising in this action also would be time-barred. It also was clear when the instant action was filed that this Court lacks jurisdiction over the claims Mr. Stamps is raising that challenge the validity of his sentence in El Paso County District Court case number 2003CR4870. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the instant action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the Prisoner Complaint, which the Court has construed as asserting habeas corpus claims pursuant to 28 U.S.C. § 2254, and the action are dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that the pending motions are denied as moot.

DATED at Denver, Colorado, this 18 day of February, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02820-BNB

Ivan Stamps
Prisoner No. 68133
Delta Corr. Center
4102 Sawmill Mesa Road
Unit 5
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/19/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk