IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02820-ZLW

IVAN STAMPS,

    Plaintiff,

v.

BILL RITTER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 04 2010

GREGORY C. LANGHAM
    CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Ivan Stamps, has filed *pro se* on March 1, 2010, a "Motion to Amend, Amend Judgment, and for Additional Findings" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on February 19, 2010. The Court must construe the motion liberally because Mr. Stamps is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Stamps pursuant to Rule 59(e) because it

was filed within twenty-eight days after the Judgment was entered on February 19, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

After reviewing his complaint, the Court determined that Mr. Stamps must raise his claims in a habeas corpus action pursuant to 28 U.S.C. § 2254 because he is challenging the mandatory parole portion of his sentence. The Court dismissed the action for lack of jurisdiction because Mr. Stamps previously filed a habeas corpus action challenging the same conviction and sentence that was dismissed as time-barred and he has not obtained authorization to file a second or successive application. Mr. Stamps did argue in his complaint that the sentence he is serving does not include a period of mandatory parole. However, the Court disagreed because Colorado law requires imposition of a period of mandatory parole for felony convictions after July 1, 1993, *see* Colo. Rev. Stat. § 18-1.3-401(1)(a)(V); Mr. Stamps acknowledged that the mitimus issued by the sentencing court in his criminal case includes a period of mandatory parole; and the relief Mr. Stamps seeks includes a declaration that the Colorado mandatory parole statute is unconstitutional and an injunction to prevent future custody following his release from his prison sentence.

Mr. Stamps contends in the motion to reconsider that the Court has jurisdiction to consider his claims because those claims properly may be asserted pursuant to 42

U.S.C. § 1983 rather than in a habeas corpus action pursuant to 28 U.S.C. § 2254. In support of this contention he reasserts his argument that he is not actually challenging his sentence because the sentencing court did not include any period of mandatory parole as part of his sentence.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Stamps fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Stamps fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The Court remains convinced that Mr. Stamps is challenging the mandatory parole portion of his sentence, that his claims must be raised in a habeas corpus action pursuant to 28 U.S.C. § 2254, and that the Court lacks jurisdiction to consider those claims because Mr. Stamps has not obtained authorization to file a second or successive application. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Amend, Amend Judgment, and for Additional Findings" filed on March 1, 2010, is denied.

DATED at Denver, Colorado, this __4th__ day of __March__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02820-ZLW

Ivan Stamps
Prisoner No. 68133
Delta Corr. Center
4102 Sawmill Mesa Road
Unit 5
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/4/10

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk